IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Lisa Shepherd, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>General Credit Services, Inc., an )<br>Indiana corporation, )<br>)<br>    Defendant. ) | No.  1:21-cv-2118<br><br><br><br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Lisa Shepherd, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Lisa Shepherd ("Shepherd"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services to Witham Memorial.

4. Defendant, General Credit Services, Inc. ("GCS"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. GCS operates a defaulted debt collection business and attempts to collect debts from consumers in the State of Indiana. In fact, Defendant GCS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant GCS is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant GCS conducts business in Indiana.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for medical services to Witham Memorial. Defendant GCS attempted to collect this debt from her via negative credit reporting. Unsure about Defendant GCS and unsure of the debt, Ms. Shepherd consulted with counsel about her debt issues and the debt that GCS was trying to collect.

7. Accordingly, Ms. Shepherd's attorney wrote to Defendant GCS, via a letter dated April 23, 2021, to notify it that Ms. Shepherd was represented by counsel, and that she disputed the debt that GCS was trying to collect from her. A copy of this letter is attached as Exhibit B.

8. This letter was sent via U.S. First Class Mail to Defendant's address and was not returned by the Post Office as undeliverable.

9. On July 16, 2021, Ms. Shepherd obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant GCS had continued to report the debt, but had failed to note that the debt was disputed. The pertinent part of Ms.

Shepherd's TransUnion credit report is attached as Exhibit C.

10.   Plaintiff's credit report was viewed by additional potential creditors after she had sent her dispute of the Witham Memorial debt to Defendant.

11.   Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Shepherd. Moreover, Defendant's violations of the FDCPA impacted Plaintiff's credit score and her credit reputation, and her credit report was later viewed by additional potential creditors. Finally, Plaintiff was deterred from seeking additional credit opportunities and from making large purchases due to the impact on her credit score.

12.   All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13.   Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA – False or Misleading Representations

14.   Plaintiff adopts and realleges ¶¶ 1-13.

15.   Section 1692e(8) of the FDCPA prohibits debt collectors from

communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

16. Defendant, by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading statements, in violation of § 1692e(8) of the FDCPA.

17. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used an unfair or unconscionable means to collect a debt, in violation of

4

§ 1692f of the FDCPA.

21.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lisa Shepherd, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Shepherd, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lisa Shepherd, demands trial by jury.

Lisa Shepherd,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: July 27, 2021

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com